Lewis Lavender et al., Administrators, &c., Plaintiffs in Error, *v.* Ross Latimer et al., Administrators, &c., Defendants in Error.

### ERROR TO HARDIN.

A sale made under a decree will not be set aside on motion, as to innocent purchasers, because the commissioner named in the decree to sell the premises, who was also sheriff, sold upon executions issued with and in conformity to the decree, if the proceedings under such executions were in all respects regular and in compliance with the decree, if the return also shows that the officer sold under the authority of the decree, as well as of the execution.

At the October term, 1846, of the Hardin Circuit Court, a decree upon foreclosure of mortgage, at the suit of Richard S. Threlkeld et al. *v.* The heirs of James Anderson, the decree ordered that execution should issue to be levied upon the mortgaged premises or so much thereof as would be sufficient to pay

Lavender et al. *v.* Latimer et al.

the demand, interest, and costs, and that Lewis Lavender (who was sheriff) be appointed commissioner, and after advertising in four public places for six weeks previous to the day of sale, and that the same shall be sold at the court house door in Elizabethtown on some county court day, &c. On the 11th of November following, execution, directed to the sheriff, was issued on the decree, whereby he was commanded to make of the estate of James Anderson, deceased, the money demanded by it. This execution was levied upon the premises specified in the decree. A copy of the decree was also given to the sheriff, who was also the commissioner named in the decree.

At the October. term, 1847, DENNING, Judge, presiding, upon motion, the execution issued was declared illegal, and unwarranted by the decree, and that the sale of the mortgaged premises of said Anderson, deceased, under said execution, was irregular and not in conformity with the true decree of the court, and was therefore void; the sale was set aside, and the heirs and other representatives of Anderson restored to the possession of the premises sold.

The mortgaged premises sold under the execution was purchased by strangers to the record and proceedings.

At the same time, the circuit court amended the decree formerly rendered, so as to make it conform more strictly with the minutes of the judge, who ordered the rendition of the decree.

To correct the decision setting aside the sale, &c., this writ of error was sued out.

WESLEY SLOAN and W. J. ALLEN, for plaintiffs in error.

J. M. WARREN and R. F. WINGATE, for defendants in error.

CATON, J. Whether the court decided properly or not in determining to amend the decree originally entered, so as to make it conform more literally to the minutes of the judge, we are of opinion that the sales should not have been set aside upon motion. The original decree as entered adjudged that the complainants should recover severally the amounts of their respective mortgages, appointed Lewis Lavender a commissioner to sell the mortgaged premises to satisfy the decree, and " that execution for said sums be levied upon the mortgaged premises," and that the sale should be made at the county seat " on some county court day," subject to a lease specified. The minutes of the judge are as follows: " Decree of foreclosure and sale by Lewis Lavender, commissioner, &c., subject to lease, and on giving usual notice of sale, &c., as under execution."

General executions were issued for the sums specified in the decree, and with these were sent out copies of the decree. These were levied by Lewis Lavender, who was sheriff and commissioner, upon the mortgaged premises, which were duly advertised and sold to third persons, on the third day of January, 1843. Lavender returned, that " By virtue of the within execution, and by order of a decree rendered," &c., describing it, he had levied upon, advertised, and sold the premises.

The decree as amended forecloses the mortgages, adjudges that the complainants shall recover severally the amount due on their respective mortgages, appoints Lewis Lavender commissioner to sell the mortgaged premises, but omits all that part of the decree as originally entered, which related to the execution. This amendment, of course, if rightfully made, must relate back to the original entry of the decree, as entered *nunc pro tunc.* Whether we consider this sale as made under the decree as originally entered, or under the decree as amended, or whether we look to the judge's notes of the decree to be entered, to determine in what manner the sale was to be made and the decree satisfied, I am of opinion that the sale should not have been set aside. The return of the officer shows that the proper premises were sold; that they were properly advertised, and that they were sold by the proper officer. The return of Lavender shows that he sold in pursuance of the authority conferred upon him both by the execution and the decree. Each authorized him to make the sale, and by the first decree his authority from each was ample. The regularity of the sale under that could not be questioned. And if we look alone to the amended decree and consider every thing which was done as done under that, the sale was still good. The return still shows that the sale was made under the authority conferred by the decree; and because he had an execution in his hands reiterating the mandate of the decree, shall it be said that the sale was therefore improperly made? For the first time we hear the objection raised, that an officer acted under too much authority instead of not enough. Indeed, the authority under each is the same, and the only peculiarity is that there is in this case a reiterated command to make the sale; once given in the decree, and again in the execution. Suppose the execution was simply void and issued without any authority whatever, it is difficult to perceive how that vitiates the sale and prejudices the rights of innocent purchasers, so long as there was ample authority for making the sale. Both decrees certainly show such authority, and the minutes of the judge show that he designed that the sale should be conducted in all things

precisely as it was conducted. He designed that Lewis Lavender should sell the premises which were sold; and that the sale should be conducted as under an execution, with the usual notice. Every thing here indicated was strictly pursued. If he was to sell as if under an execution, what harm was there that he had an execution? How could it prejudice the interests of the heirs of the mortgagor, that the officer had an execution in his pocket as well as a copy of the decree, when the law only required that he should have the latter? If the execution was unauthorized and void, how should it be capable of destroying that which was otherwise well done? Even if the return of the officer showed that he supposed he was acting alone under the authority conferred by the execution, and without any direct authority conferred by the decree, I know of no positive rule of law which would render the sale void, or would justify the court in declaring it void, so long as he had by the decree ample authority to do the very act which he did do, and in the precise mode which he pursued. Suppose, in any ordinary case of the foreclosure of a mortgage, the clerk, in addition to furnishing the master or commissioner with a copy of the decree, should send out with it a mandate in any form which he might choose to adopt, repeating the command to make the sale, and the master or commissioner should suppose that he was acting under the immediate authority of such mandate and should return that he had sold accordingly, and should also show by his return that he had pursued precisely the commands of the decree in making the sale, would the court, at a subsequent term, upon mere motion, set aside that sale which had been made as it commanded, regardless of the rights of innocent purchasers? But that is a stronger case than this, supposing the amended decree alone in force, for here the officer shows that he did proceed under the authority of the decree as well as the execution. How much stronger, then, the rights of purchasers, when they find upon the only records of the court which they are bound to examine, a formal decree, fully authorizing the sale under the execution as well as the decree. We must have some regard to the substance of the transaction, and the ends designed to be accomplished. These ends, it is true, must be accomplished in a legal mode. But here we think the sale was not illegal. It was made by the proper person, after the proper notice, at the proper time, and in all respects in the precise mode directed by the judge in his minutes, and by the decree as originally entered and as amended. The rights of no one have been violated or prejudiced. The premises brought as much as they would have brought if no execution had gone

out with the copy of the decree, and every thing had been conducted as it was designed.

An objection was made on the argument as applicable to the proceeding under the decree originally entered. That decree directed that the sale should be made on some county court day. This undoubtedly meant, on some day during the term of the county court. But there is nothing in the record to show that the county court was not in session on the fourth of January, one thousand eight hundred and forty-seven. It is true that the law fixed the first day of the regular quarterly term of that court to be the first Monday of the preceding month; but the court cannot say that that term had not yet closed, or that a special term had not been called, which was then in session. But the return of the officer settles this question, for that says the sale was in pursuance of the decree, and if that is true the objection is answered.

We are of opinion the circuit court erred in making the order which was entered, and that must be reversed, so far as the judgment affects the plaintiffs in error. This reversal, of course, does not affect the judgment below as to those who have not joined in the writ of error.

*Judgment reversed.*